UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LEWIS MCCLAINE-BEY, #165012, )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>CLAUDIA BURY, *et al.*, )<br>         Defendants. )<br>) | No. 2:20-cv-162<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING IN PART REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on March 2, 2023 (ECF No. 67). Judge Vermaat recommends that this Court (1) grant Defendants' motion for summary judgment as to Plaintiff's claims against Corrections Officer (CO) Renard; (2) deny Defendants' motion for summary judgment as to Plaintiff's claims against CO Bury, Librarian Li, Transfer Coordinator (TC) Woods,[1] and Deputy Warden (DW) Brown; and (3) grant Plaintiff's motion to amend his complaint (with the caveat that the amended complaint would not revive Plaintiff's claims against CO Renard). The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Only TC Woods has raised an objection (ECF No. 68), to which Plaintiff responded (ECF No. 69). For the following reasons, the Court will sustain TC Woods's objection and dismiss her from this case.

---

[1] The Court acknowledges that Defendant TC Kylie Woods is now Kylie Schwinderson. Like Judge Vermaat, for consistency purposes, the undersigned will also refer to TC Woods by her former name (*see* ECF No. 67 at PageID.711 n.1).

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). Upon a district judge's de novo review of proper objections to a report and recommendation, the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The facts relevant to TC Woods are as follows. During the relevant time period, TC Woods was the transfer coordinator at Kinross Correctional Facility (KCF), where Plaintiff was located and employed as a legal writer. On January 2, 2020, TC Woods received an email from DW Brown claiming that Plaintiff had been "strong arming and threatening prisoners in need of his services," and that Plaintiff had engaged in similar behavior at a different facility (ECF No. 56-10 at PageID.346). DW Brown therefore stated that "We need to move him as soon as possible please" (*Id.*). Shortly after receiving this email, on January 16, 2020, TC Woods arranged for Plaintiff to be transferred out of KCF (*see* ECF No. 56-

11 at PageID.348). Plaintiff claims that TC Woods was a part of a conspiracy, consisting of TC Woods, Librarian Li, and DW Brown, to make false statements with the intent of removing Plaintiff as a legal writer and from KCF. On the other hand, in a sworn affidavit, TC Woods claims that, following her receipt of DW Brown's email, she was notified that bed space was needed at KCF for an incoming prisoner, so she arranged for Plaintiff to be transferred out of KCF in accordance with DW Brown's request (ECF No. 56-13 at PageID.356).

In reviewing Defendants' motion for summary judgment, Judge Vermaat opined that Plaintiff's First Amendment retaliation claim against TC Woods, Librarian Li, and DW Brown "presents a close call" (ECF No. 67 at PageID.731) based on a timing issue and a genuine dispute as to whether Plaintiff engaged in protected activity before or after his transfer was contemplated. However, the R&R did not analyze this claim with respect to each of these three individual defendants or how they personally played a role in the facts relevant to this claim. Rather, because Judge Vermaat found a genuine dispute of material fact relevant to this particular claim as a whole, he recommended that the claim survive summary judgment as to all three defendants.

TC Woods subsequently objected to the R&R (ECF No. 68). She argues that the evidence merely shows that DW Brown requested that she transfer Plaintiff, and she did so based on DW Brown's request, not based on an alleged conspiracy to make false allegations regarding Plaintiff and remove him from the legal writer program. She further argues that even if the allegations regarding Plaintiff strong-arming and threatening prisoners were false, there is no evidence in the record that she was aware that such allegations were untrue.

3

Essentially, TC Woods argues that there is no genuine dispute of material fact as to the causation element of Plaintiff's First Amendment retaliation claim against her: Even if Plaintiff can show that he engaged in protected conduct (threatening to file a grievance against Librarian Li) before the alleged adverse action (his transfer), there is no evidence that TC Woods *caused* his transfer because of the protected conduct.

The Court conducted a de novo review of TC Woods's objection to the R&R. The Court agrees with TC Woods. On review of the evidence, the Court will reject the Magistrate Judge's finding that there is a genuine dispute of material fact as to Plaintiff's claims against TC Woods.

As explained in the R&R, with respect to the First Amendment retaliation claim against Librarian Li, DW Brown, and TC Woods, Defendants do not contest that Plaintiff engaged in protected conduct and faced an adverse action (*see* ECF No. 67 at PageID.729). They do, however, dispute that Plaintiff can establish causation between these two elements, given that they began contemplating his transfer on January 2, 2020—when DW Brown emailed TC Woods (ECF No. 56-10)—and Plaintiff did not engage in protected activity until January 14, 2020—when he threatened to file a grievance against Librarian Li for refusing to provide him with photocopies. But because Plaintiff claims that he also threatened to file a grievance against Librarian Li, and aired his complaints to DW Brown, on a date prior to January 2, 2020 (ECF No. 63-1 at PageID.468-71), Judge Vermaat found a genuine dispute of material fact on the timing/causation issue that would allow this claim to survive.

This analysis explains why there is a genuine dispute of material fact as to Plaintiff's First Amendment retaliation claims against DW Brown and Librarian Li. However, in the

4

Court's judgment, it is not sufficient to explain why there is a genuine dispute of material fact as to TC Woods. Regardless of when Plaintiff first engaged in protected conduct, the causation element as to TC Woods is still absent. TC Woods had an independent reason to transfer Plaintiff from KCF—the direction of DW Brown—and there is no evidence in the record showing that TC Woods transferred Plaintiff to another facility for any reason other than the direction she received from DW Brown. TC Woods has therefore shown that there is no genuine dispute of material fact as to the element of causation in Plaintiff's First Amendment retaliation claim against her.

Plaintiff's response to TC Woods's objection similarly fails to create a genuine dispute of material fact (*see* ECF No. 69). He cites case law establishing that making a false statement with the intent to interfere with an individual's employment can constitute an adverse action in a retaliation case (*id.* at PageID.743) (citing *Page v. Coyner*, 614 F.3d 273, 281 (6th Cir. 2010)), but whether Plaintiff faced an adverse action is not disputed (ECF No. 67 at PageID.729). Further, Plaintiff asserts, numerous times, that Librarian Li and DW Brown fabricated evidence to remove him from the legal writer program (*see, e.g.*, ECF No. 69 at PageID.743) ("Defendant Li and Defendant Brown decided to fabricate evidence that Plaintiff was coercing two . . . Library Clerks to do other prisoners['] legal work"); (*id.* at PageID.744) ("Defendant Brown sent a fabricated and retaliatory E-mail to Defendant Woods."). Yet, he fails to provide any evidence that TC Woods "fabricated evidence" as part of this conspiracy to remove him from KCF and the legal writer program. He further fails to provide evidence showing that, even if Librarian Li and DW Brown did indeed fabricate evidence, TC Woods had any idea that such evidence supporting his transfer was

5

fabricated. At most, Plaintiff complains that TC Woods's transfer order—which states that she transferred Plaintiff to make additional bed space available for an incoming inmate (ECF No. 56-11)—is "contradictory" to DW Brown's request to transfer Plaintiff based on his threatening behavior (*see* ECF No. 69 at PageID.745). In the Court's opinion, TC Woods's transfer order is not contradictory to DW Brown's email. On January 2, 2020, DW Brown told TC Woods to transfer Plaintiff, and on January 16, 2020, TC Woods issued the transfer order pursuant to DW Brown's request. And even if the rationale in the transfer order is not totally consistent with DW Brown's email, such a minor discrepancy does not establish that TC Woods issued the transfer order for any purpose other than pursuant to her boss's direction, let alone a retaliatory purpose. Plaintiff has therefore failed to establish a genuine dispute of material fact with respect to the causation element as to his First Amendment retaliation claim against TC Woods.[2]

For these reasons, the Court will adopt in part and reject in part the R&R. The Court rejects the Magistrate Judge's finding that there is a genuine dispute of material fact as to Plaintiff's claim against TC Woods and adopts the remainder of the Magistrate Judge's findings and recommendations. Following this order, TC Woods and CO Renard will be dismissed from this case, and only Plaintiff's claims against CO Bury, Librarian Li, and DW Brown will remain. In accordance with the analysis above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS in part and REJECTS in part** the Report and Recommendation (ECF No. 67).

---

[2] Moreover, because TC Woods did not violate Plaintiff's clearly established First Amendment rights, TC Woods is entitled to qualified immunity.

**IT IS FURTHER ORDERED** that the Court **GRANTS in part and DENIES in part** Defendants' motion for summary judgment (ECF No. 55). The Court dismisses Plaintiff's claims against Defendants Renard and Woods.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 61) is **GRANTED**, and the Clerk of Court shall **ACCEPT** the proposed amended complaint (ECF No. 61-1) for filing. However, the amendment of Plaintiff's complaint does not revive his claims against Defendant Renard, nor against Defendant Woods for the reasons explained in the Report and Recommendation.

**IT IS SO ORDERED**.

Date:  March 22, 2023 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge